**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOUNTAEM CHANTHADARA, )<br>)<br>Defendant. )<br>_____) | **CRIMINAL ACTION**<br><br>No. 94-10128-01-MLB |

**MEMORANDUM AND ORDER**

Before the court is defendant's motion pursuant to 28 U.S.C. § 2255 (Doc. 660) and the government's response (Doc. 662).[1] The court has made a preliminary review of defendant's motion in accordance with Rule 4 of the rules pertaining to § 2255 proceedings and, for the reasons hereafter set forth, finds that defendant is entitled to no relief. Accordingly, defendant's request for an evidentiary hearing is denied. 28 U.S.C. § 2255(b).

Background

The Tenth Circuit's Order and Judgment in Appeal No. 97-3229 sets forth the relevant facts, which are incorporated herein. United States v. Chanthadara, 230 F.3d 1237 (10th Cir. 2000). The Tenth Circuit found that defendant's convictions were supported by "overwhelming evidence" and affirmed.[2] Id. at 1254. Defendant filed

---

[1] Defendant has not sought leave to proceed in forma pauperis but in light of his life sentence and the fact that he has always been represented by appointed counsel, no useful purpose will be served by requiring defendant to file an affidavit of poverty.

[2] The Tenth Circuit remanded defendant's case for re-sentencing. Defendant did not appeal.

no § 2255 motion until November 13, 2009.

## Timeliness

The government contends that defendant's § 2255 motion is untimely. The government likens defendant's motion, which is based on newly discovered evidence (See infra), to a motion for a new trial under Federal Rule of Criminal Procedure 33(b)(1). The government argues that defendant failed to file his motion within the requisite time period following the guilty verdict and judgment and is out of time.[3] (Doc. 662 at 8).

Alternatively, the government claims that defendant's motion is also untimely under § 2255. A one-year period of limitation is applicable to habeas relief under § 2255 which runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Defendant states that his attorney, Gary Peterson, received the government's letter dated April 15, 2008, on November 5, 2008. (Doc. 660 at 16). Mr. Peterson immediately sent the letter to defendant. The government contends that defendant's motion still is untimely because defendant filed his § 2255 motion on November 13, 2009, approximately one year and one week after his attorney received the letter.

Because Mr. Peterson did not receive any response to his November 10, 2008, letter requesting additional information and because it is

---

[3]Fed. R. Crim. P. 33 was amended in 1998 and the time period in which to move for a new trial on the basis of newly discovered evidence was altered.

unclear what date defendant received a copy of the government's April 15 letter, the court will assume, without deciding, that defendant's § 2255 motion is timely.

## Discussion

Defendant moves for a new trial or dismissal of counts 1 and 2 on the basis of one very narrow claim. Defendant claims that "Kathleen Lundy, an FBI scientist and official of the U.S. Department of Justice, gave untrue, misleading and unreliable testimony during my trial concerning bullet lead analysis allegedly linking me to the charged offenses, in violation of the Due Process Clause of the Fifth Amendment." (Doc. 660 at 4). The FBI reviewed Ms. Lundy's testimony at defendant's trial and concluded that Ms. Lundy, "although properly stating that the evidentiary specimen(s) came from the same melt of lead, did not provide any information to the jury that would allow them to understand the numbers of bullets made from a melt." (Doc. 660 at 16). The science of bullet lead analysis was not a factor in the FBI's conclusion that Ms. Lundy's testimony was inappropriate.[4]

The standards governing defendant's claim are correctly set forth in the government's response. (Doc. 662 at 23).

> Habeas relief is generally available where newly discovered evidence is uncovered which could not have reasonably been presented to the fact finder.
>
>     \*    \*    \*
>
> In order to qualify as "newly discovered," such evidence must be more than impeaching or cumulative; it must be material to the issues involved; it must be such that it

---

[4]Subsequent to defendant's trial, Ms. Lundy gave false testimony while testifying as an expert on bullet lead analysis in a different case. On June 17, 2003, Ms. Lundy pleaded guilty to giving false testimony in a Kentucky state court.

-3-

would probably produce an acquittal; and a new trial is not warranted if the new evidence is such that, with reasonable diligence, it could have been discovered and produced at the original trial.

United States v. Hughes, No. 01-5102, 2002 WL 988228, at *2 (10th Cir. May 15, 2002) (citing United States v. Hughes, 33 F.3d 1248, 1253 (10th Cir. 1994)).

The government does not dispute that defendant's evidence, i.e. Ms. Lundy's "inappropriate" testimony, is "newly discovered" or material. Nor does the government contend that defendant's failure to learn of the evidence was caused by his lack of diligence. However, the government contends that defendant's evidence is merely impeaching evidence and further that this evidence would not produce an acquittal at a new trial.

The government appears to concede that Ms. Lundy's testimony was false. Ms. Lundy admitted to falsely testifying in another case.[5]

---

[5] The court adopts Berry's recitation of the facts surrounding Ms. Lundy's false testimony.
  In 1999, Kathleen Lundy took a tour of the Winchester plant that manufactured bullets and made a note that in 1996 the factory switched from purchasing blocks of lead that were required to be remelted before being made into bullets to purchasing billets which did not need to be remelted. Ragland v. Commonwealth, 191 S.W.3d 569, 580-81 (Ky. Sup. Ct. 2006). In the summer of 2001, in a Colorado case, she testified to this fact. Id. at 581. Subsequently, she was advised that her handwritten note was in error and that the factory had switched to purchasing billets in 1986, not 1996. Ms. Lundy notified the Colorado prosecutor of the error. Id. In January 2002 she testified at a Daubert hearing to the 1996 date in the case of Ragland v. Commonwealth. She knew the date was an error but did not correct it. Id. At the Ragland trial she was impeached based on this error; she indicated she had misunderstood the question at the Daubert hearing and that she knew the date was in error when she testified to it. Id. She pled guilty to making a false statement under oath, a Class B misdemeanor in Kentucky. Id. A new trial was granted to Mr. Ragland.

See Berry v. United States, Nos. CR-96-0259-WFN-1, CV-07-0211-WFN, 2007 WL 4225068, at *2 (E.D. Wash. Nov. 27, 2007) ("Ms. Lundy's perjury was publicly announced by the Associated Press on July 25, 2002[.]"). Additionally, on September 2, 2005, the FBI announced that it would not longer use compositional analysis of bullet lead ("CABL"), which was the method used in defendant's case by Ms. Lundy in 1997. Id.

The court finds that Ms. Lundy's subsequent perjury and the fact that the FBI no longer uses CABL to be merely impeaching evidence. See, e.g., Barry, 2007 WL 4225068 at 6. Regardless, there is no claim, and no evidence, that the government was aware of the falsity until long after defendant's trial. Defendant cannot claim that the government knowingly and intentionally used the falsity to obtain a conviction. See United States v. McElhiney, No. 98-40083-01, 05-3225-RDR, 2006 WL 516879, at *5 (D. Kan. Mar. 2, 2006) ("Use of perjured testimony can be grounds to vacate a conviction if it can be shown that: the testimony was false; the testimony was material; and that it was knowingly and intentionally used by the government to obtain a conviction."). There is no Brady violation, then, either. And, of course, defendant cannot make a claim of ineffective counsel, the staple of § 2255 motions.

Moreover, defendant has not claimed, and cannot claim, that evidence was so prejudicial that it affected judgment of the jury. The government's case-in-chief lasted four days. The government presented 24 different witnesses, including rebuttal witnesses. Some

---

Berry, 2007 WL 4225068 at 4.

of these witnesses saw defendant carry the 9mm pistol, which was later determined to be the murder weapon, point the gun towards his own head after Mrs. Barbara Sun was shot, and then throw the gun into a river. Defendant's palm print was also found on the broken glass from the display case at the Mandarin Chinese Restaurant.

The transcript of the government's witnesses' testimony totaled approximately 723 pages. Ms. Lundy's trial testimony consisted of 10 transcript pages. Her testimony was short and concerned only one piece of the government's overwhelming evidence that established defendant's guilt. Ms. Lundy's testimony could not have been all that significant to the jury such that it would "probably produce an acquittal at a new trial." Therefore, defendant is not entitled to relief under § 2255.

## Conclusion

The court has carefully reviewed the parties' submissions, as well as relevant portions of the trial testimony. Given the evidence, defendant's convictions were inevitable and justified. Accordingly, the files and records clearly show that defendant is entitled to no relief. Defendant's request for an evidentiary hearing is denied and his motion (Doc. 660) is likewise denied.

IT IS SO ORDERED.

Dated this __11th__ day of February 2010, at Wichita, Kansas.

s/ Monti Belot  
Monti L. Belot  
UNITED STATES DISTRICT JUDGE